**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ISABEL FLATEN | ) | CASE NO. |
| 1229 Beatty Avenue | ) | |
| Cambridge, Ohio 43725, | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| CAMBRIDGE AREA YMCA | ) | |
| 1301 Clairmont Avenue | ) | **JURY DEMAND ENDORSED** |
| Cambridge, Ohio 43725, | ) | **HEREIN** |
| | ) | |
| Defendant. | ) | |

Plaintiff, Isabel Flaten, by and through undersigned counsel, as her Complaint against the

Defendants, states and avers the following:

**PARTIES**

1. Flaten is a resident of the city of Cambridge, Guernsey County, Ohio.

2. Cambridge Area YMCA ("YMCA") is a domestic corporation with its principal place of
   business located in Cambridge, Guernsey County, Ohio.

3. YMCA is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et
   seq.*

4. YMCA is and, at all times herein, was an employer within the meaning of the Americans with
   Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA")

5. All of the material events alleged in this Complaint occurred in Guernsey County, Ohio.

## JURISDICTION & VENUE

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Flaten is alleging a Federal Law Claim under ADA.

7. This Court has supplemental jurisdiction over Flaten's state law claims pursuant to 28 U.S.C. § 1367 as Flaten's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Flaten filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 22A-2018-03633 against YMCA. ("Flaten EEOC Charge")

10. On or about September 18, 2019, the EEOC issued and mailed a Notice of Right to Sue letter to Flaten regarding the Charges of Discrimination brought by Flaten against YMCA in the Flaten EEOC Charge.

11. Flaten received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

12. Flaten was prepared to file this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. On December 17, 2019, Plaintiff and Defendant entered into a tolling agreement to toll the statute of limitation from December 17, 2019, to January 16, 2020.

14. On January 13, 2020, Plaintiff and Defendant extended the tolling agreement to toll the statute of limitation to January 24, 2020.

15. Flaten has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## **FACTS**

16. Flaten is 21 years old.

17. Flaten graduated from high school in May 2018.

18. Flaten has neural migration disorder.

19. Flaten has cerebral palsy.

20. Averments 18 and 19 will herein after be referred to as "Flaten's Conditions."

21. Flaten's Conditions cause her to have seizures, cognitive delays, and impaired motor skills.

22. Flaten's Conditions constitute a disability under R.C. § 4112.01 *et seq.*

23. Flaten's Conditions constitute a disability under ADA.

24. In the alternative, YMCA perceived Flaten as disabled.

25. While Flaten was in high school, she volunteered for nearly 500 hours at the YMCA's Child Watch program. ("Flaten's Volunteering")

26. During Flaten's Volunteering, Flaten performed most of the roles of Child Watch employees.

27. For example, during Flaten's Volunteering, Flaten watched the children and cleaned up their toys.

28. During Flaten's Volunteering, Flaten worked as a substitute for Child Watch employees.

29. In or about May 2018, a job opening for Child Watch became available.

30. In or about early May 2018, Membership Director Tacy Bates encouraged Flaten's mother Sarah to advise Flatten to apply for a permanent, paid position in the Child Watch. ("Position")

31. In or about early May 2018, Bates told Sarah, "I want to hire Isabel for the Child Watch. She's responsible and knows what to do, and we need someone we can rely on."

32. In or about late May 2018, Flaten applied for the Position.

33. On or about July 3, 2018, YMCA's Executive Director James Cowin sent a rejection letter addressed to Sarah, instead of Flaten herself. ("Rejection Letter")

34. The Rejection Letter was an adverse employment action.

35. The Rejection Letter was an adverse action.

36. YMCA addressed the Rejection Letter to Sarah because they knew Flaten has a disability.

37. YMCA addressed the Rejection Letter to Sarah because they perceived Flaten as having a disability.

38. In the Rejection Letter, Cowin alleged that there was no Position open.

39. YMCA hired at least six new employees to the Position in the 12 months after Isabel applied.

40. In the Rejection Letter, Cowin went on to explain several reasons why he thought Flaten may be unfit for the allegedly-nonexistent Position. ("Excuses")

41. Among other Excuses in the Rejection Letter, James suggested that Flaten was unable to lift 50 pounds and did not have a current CPR (cardiopulmonary resuscitation), AED (automated external defibrillator), or First Aid certification.

42. Similarly-situated non-disabled Child Watch employees were not tested on their ability to lift 50 pounds as a condition precedent of their employment.

43. Similarly-situated non-disabled Child Watch employees were not required to have CPR certification as a condition precedent of their employment.

44. Similarly-situated non-disabled Child Watch employees were not required to have AED certification as a condition precedent of their employment.

45. Similarly-situated non-disabled Child Watch employees were not required to have First Aid certification as a condition precedent of their employment.

46. Cowin alleged in the Rejection Letter that family members of staff or board members are "strongly discouraged from seeking jobs at the YMCA."

47. At the time of the Rejection Letter, Sarah was a fitness instructor and Flaten's father was a board member of YMCA.

48. At the time of the Rejection Letter, at least 15 employees at YMCA's Cambridge location had a family member on the staff or board of YMCA.

49. Upon information and belief, none of the applicants whom YMCA hired to the Position have any known disabilities.

50. The reasons YMCA provided for not hiring Flaten had no basis in fact.

51. The reasons YMCA provided for not hiring Flaten were not the real reasons for not hiring Flaten.

52. The reasons YMCA provided for not hiring Flaten were insufficient to justify not hiring Flaten.

53. YMCA failed to hire Flaten because of her disability.

54. As a direct and proximate result of Defendant's conduct, Flaten suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et al.*

55. Flaten restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

56. YMCA treated Flaten differently than other similarly-situated employees based on her disabling condition.

57. YMCA treated Flaten differently than other similarly-situated employees based on her perceived disabling condition.

58. YMCA failed to hire Flaten based on her disability.

59. YMCA failed to hire Flaten based on her perceived disability.

60. YMCA failed to hire Flaten when it failed to hire Flaten based on her disability.

61. YMCA violated R.C. § 4112.02 when it failed to hire Flaten based on her perceived disability.

62. YMCA violated R.C. § 4112.02 by discriminating against Flaten based on her disabling condition.

63. YMCA violated R.C. § 4112.02 by discriminating against Flaten based on her perceived disabling condition.

64. As a direct and proximate result of Defendant's conduct, Flaten suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

65. Flaten restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

66. YMCA treated Flaten differently than other similarly-situated employees based on her disabling condition.

67. YMCA treated Flaten differently than other similarly-situated employees based on her perceived disabling condition.

68. YMCA failed to hire Flaten based on her disability.

69. Defendant failed to hire Flaten based on her perceived disability.

70. YMCA failed to hire Flaten based on her disability.

71. Defendant violated ADA when failed to hire Flaten based on her perceived disability.

72. As a direct and proximate result of Defendant's conduct, Flaten suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Isabel Flaten respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Defendant to retroactively restore Plaintiff to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Flaten for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Flaten's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Paul Filippelli*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
470 Olde Worthington Road, Suite 200
Westerville, Ohio 43082
Phone: (614) 410-6720
Fax: (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Isabel Flaten*

## JURY DEMAND

Plaintiff Isabel Flaten demands a trial by jury by the maximum number of jurors permitted.

*/s/ Paul Filippelli*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)